**JOHN L. FELLOWS III (#103968)**
City Attorney
**DELLA THOMPSON-BELL (#224846)**
Deputy City Attorney
3031 Torrance Blvd.
Torrance, CA 90503-5059
Telephone: (310) 618-5810
Fax: (310) 618-5813

**ROBERT D. ACCIANI (#141277)**
Law Office of Robert D. Acciani
21250 Hawthorne Boulevard, Suite 500
Torrance, CA 90503
Telephone: (310) 594-1580
Fax: (310) 375-0890

Attorneys for Defendants **CITY OF TORRANCE and DAVID MAITLEN**

# JS-6

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS GOMEZ, MARIA GILA GOMEZ,<br><br>           Plaintiffs,<br><br>    v.<br><br>CITY OF TORRANCE, TORRANCE POLICE DEPARTMENT, OFFICER DAVID MAITLEN, DOES 1-20,<br><br>           Defendants. | CASE NO. CV07-00790-ODW (SHx)<br><br>**JUDGMENT** |

This action came on regularly for trial by jury on December 8, 2009, with plaintiffs Maria Gomez and Luis Gomez appearing in person and by Conrad Herring, their attorney, and defendants David Maitlen and the City of Torrance appearing in person and by Robert D. Acciani and Della Thompson-Bell, their attorneys.

The trial was bifurcated into two phases. The first phase of the trial was to determine whether or not the defendants were entitled to assert the

**JUDGMENT**

statute of limitations as a bar to the lawsuit, or if they were equitably estopped from asserting this defense because of "fraudulent concealment" of material facts that caused the plaintiffs to forego filing a lawsuit within the statutory period. The second phase, if necessary, was to determine "liability" on the plaintiff's wrongful death cause of action

The first phase of the jury trial took place over three days. It commenced on December 8, 2009; continued on December 9, 2009; and concluded on December 15, 2009.

After a jury of eight persons was duly impaneled and sworn; witnesses testified; exhibits admitted; a full presentation on the issues; the jury duly instructed by the court, the jury deliberated and thereon duly returned the following special verdicts on this first phase:

"Do you find by a preponderance of the evidence that any city "official" or "employee" fraudulently concealed the true facts surrounding the death of Jose Gomez with the intent to prevent the plaintiffs from filing a lawsuit within the applicable statute of limitations period?

| | Yes | No | |
|---|---|---|---|
| [David Maitlen] | | No | X |
| [Richard Glass] | | No | X |
| [Gina Mazzolini] | | No | X |
| [Rosemary Herrera] | | No | X |

It appearing, by reason of the evidence received, and by reason of those special verdicts to this phase of the trial, that defendants did not fraudulently conceal facts with the intent to prevent plaintiffs from filing

**JUDGMENT**

the instant lawsuit within the applicable statute of limitations period. Further, the parties stipulated that the plaintiffs had not filed the instant lawsuit within that statutory 2-year period Therefore, the defendants are entitled to assert their pled affirmative defense of statute of limitations to the entirety of the within lawsuit, thereby negating the necessity for the second phase of the trial.

IT IS THEREFORE ADJUDGED, ORDERED, AND DECREED that this lawsuit be dismissed with prejudice in its entirety; that plaintiffs take nothing from defendants, and that judgment be entered for David Maitlen and the City of Torrance.

DATED: December 29, 2009

_____

United States District Court Judge

**JUDGMENT**